FILED
CLERK

3/4/2026 4:20 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
DYNASTY J.F. SANDERS,

                          Petitioner,

           -against-

SUFFOLK COUNTY CORRECTIONAL FACILITY,

                        Respondent.
----------------------------------------------------------------------X

**ORDER**
26-CV-01065(GRB)

**GARY R. BROWN, United States District Judge:**

Before the Court is the application to proceed *in forma pauperis* ("IFP") filed by Dynasty Jamiya Faith Sanders ("Petitioner"), acting *pro se*, filed together with a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.   *See* Docket Entry ("DE") Nos. 1-2.   Petitioner is incarcerated at the Suffolk County Correctional Facility (the "Jail") as a pretrial detainee.   DE 1 ¶¶ 2, 4.   Upon review, the Court finds that Petitioner is qualified by her financial position as reported on the IFP application to commence this action without prepayment of the filing fee. However, for the reasons that follow, the Petition is dismissed without prejudice as it is unexhausted.

## BACKGROUND

I.       **Summary of the Petition[1]**

Petitioner names the Suffolk County Correctional Facility as the Respondent and challenges her pretrial detention.   DE 1 at 1.   Petitioner alleges: "I am incarcerated with no

---

[1] Excerpts from the Petition have been reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

bond on charges I have been indicted on but not convicted of, forcing me to live in the poor conditions of Suffolk County Correctional Facility, contamination, harassment, etc." *Id.*[2] Further, Petitioner is "challenging the fact that Judge Wilutis remanded me with no bail/bond forcing me to be locked up in a facility full of contamination and harassment. I can't challenge better living standards[3] so I want to challenge the decision to remand me." *Id*. ¶ 6.

Petitioner alleges that she filed an unsuccessful grievance with the Suffolk County Correctional Facility on October 29, 2025 challenging the conditions of her confinement. *Id*. ¶ 7.[4] Petitioner also alleges that she filed a complaint with the Suffolk County Correctional Facility, the County of Suffolk, and the Suffolk County Sheriff's Office that challenged the conditions of her confinement. *Id*. ¶ 12. Although Petitioner attempted to file a complaint with

---

[2] According to the information maintained by the New York State Office of Court Administration on its public website, on August 22, 2025, Petitioner pleaded not guilty to a six-count indictment in the New York State Supreme Court, Suffolk County, and was remanded. The charges include violations of New York Penal Law § 110-125.21(01) intentional murder; NY Penal Law § 265.03(03) criminal possession of a loaded firearm; and New York Penal Law § 140.30(02) burglary of a dwelling causing injury. *See* https://iapps.courts.state.ny.us/webcrim_attorney/Detail?which=charge&docketNumber=bazDtB W6MQUI3iTp27sawuFl1Tne3c845Gkflyzsjbw=&countyId=YBNR_PLUS_8hMN5FOYsxtqllb KA==&docketId=U3gJRZwF6bdhpXUatLX5yw==&docketDseq=T/O1YN_PLUS_BG65HkOe qEnpAkw==&defendantName=Sanders,+Dynasty&court=Suffolk+County+Court&courtType= U&recordType=U&recordNum= (last visited on February 25, 2026).

[3] Although the Petition also appears to challenge the conditions of her confinement, Petitioner correctly acknowledges that such claims are properly brought in a civil suit pursuant to 42 U.S.C. § 1983 rather than a habeas petition. Indeed, she has already done so. *See Sanders v. Suffolk Cnty.*, 2:26-CV-00587(GRB)(ARL).

[4] In addition to this grievance, Petitioner has annexed a series of grievances and request slips she has filed with the Suffolk County Correctional Facility. *See* Pet., DE 1 at 11-33.

the New York State Commission of Corrections on an unspecified date in December 2025, she alleges that "my letter never made it to NYSCOC and it was given back ripped up without a mail time stamp or stamp going across as if it never even went through the mail." *Id*. ¶ 8. Finally, Petitioner alleges that she filed three lawsuits in the United States District Court for the Eastern District of New York "about the harassment and treatment from this facility." *Id*. ¶ 9.[5]

For relief, Petitioner "would like the courts to do 1 of 3 things. Release me on ankle monitor so I can fight my case from the outside, give me bond so it can at least be deemed that im here by choice not force or if I have to stay in this jail under these conditions, please accept my demands on my civil complaint because I have no choice but to be here and deal with it or be treated like this." *Id*. ¶ 15.

## LEGAL STANDARDS

"A pro se petitioner's submissions are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Dawson v. Toulon*, 2:22-CV-6341(GRB), 2022 WL 17177839, at *2 (E.D.N.Y. Nov. 22, 2022) (quoting *York v. Warden Shannon*, 1:22-CV-2663 (PKC), 2022 WL 16715921, at *1 (E.D.N.Y. Nov. 4, 2022) (quoting *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (add'l citation omitted)). Indeed, "'[a] court must construe the pleadings of a *pro se* petitioner liberally and interpret them 'to raise the strongest arguments that they suggest.'" *Dawson*, 2022

---

[5] Those actions are: 2:26-CV-00267(GRB)(ARL) *Sanders v. Walker*; 2:26-CV-00587(GRB)(ARL) *Sanders v. Cnty. of Suffolk*; and 2:26-CV-00588(GRB)(ARL) *Sanders v. Suffolk Cnty. Corr. Fac.*

WL 17177839 at *1 (quoting *York*, 2022 WL 16715921, at *2).   However, "'a pro se petitioner

is not exempt from compliance with relevant rules of procedural and substantive law.'"

*Dawson*, 2022 WL 17177839 at *1 (quoting *York*, 2022 WL 16715921, at *2).

Title 28 of the United States Code, Section 2241(c)(3) permits habeas corpus review in

federal courts for state detainees "in custody in violation of the Constitution or laws or treaties of

the United States." 28 U.S.C. § 2241(c)(3).   The proper respondent in such a petition is the

warden of the facility where petitioner is detained.   *See*, e.g., *Hightower v. New York,* 9:24-cv-

367, 2024 WL 1580104, at *1 n.1 (N.D.N.Y. Apr. 11, 2024) ("The proper respondent for a

petition pursuant to 28 U.S.C. § 2241 is the director or warden of the detention facility where a

petitioner is incarcerated"); *Golding v. Sessions*, 18-cv-3036, 2018 WL 6444400, at *2–3

(S.D.N.Y. Dec. 6, 2018) (holding, in a habeas proceeding challenging confinement in

immigration custody, that the proper respondent is the warden of the facility in which the

petitioner was being held).

Where the petitioner is challenging pre-trial detention, she must first exhaust available

state court remedies.   *See United States ex rel. Scranton v. State of N. Y.*, 532 F.2d 292, 294 (2d

Cir. 1976) ("While 28 U.S.C. Section 2241 does not by its own terms require the exhaustion of

state remedies as a prerequisite to the grant of federal habeas relief, decisional law has

superimposed such a requirement in order to accommodate principles of federalism." (citations

omitted)); *see*, *e.g.*, *Grafton v. Dzurenda*, 1:20-CV-3052 (MKB), 2020 WL 9816012, at *2

(E.D.N.Y. Dec. 11, 2020) ("Although section 2241 does not contain a statutory exhaustion

requirement, binding precedent establishes that a section 2241 petitioner must exhaust his

4

available state-court remedies before seeking relief in federal court."). Indeed, "a federal habeas corpus petition cannot be used to effect the 'derailment of a pending state court criminal proceeding by an attempt to litigate constitutional defenses prematurely in federal court.'" *Vassel v. Toulon*, 1:18-CV-2238 (KAM), 2018 WL 2766142, at *2 (E.D.N.Y. June 8, 2018) (quoting *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973)).

"'To exhaust state remedies properly, a petitioner must 'fairly present each claim for habeas relief in 'each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.'" *Dawson*, 2022 WL 17177839 at *1 (quoting *York*, 2022 WL 16715921, at *1 (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted)).

## DISCUSSION

As a threshold matter, Petitioner challenges her pretrial detention but has named the Facility, rather than Warden, as the Respondent. Although Petitioner could name the proper respondent in an amended petition, the Court declines to grant leave to amend at this time given that the Petition must be dismissed because the unexhausted claims therein are premature. *See, e.g.*, *Blanchard v. New York*, No. 9:18-cv-0448, 2018 WL 2324054, at *2–3 (N.D.N.Y. May 22, 2018) (concluding that failure to exhaust under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241 renders the petition premature). Indeed, Petitioner has not appealed her constitutional claim to any state court, much less to the highest state court having jurisdiction. *See* DE 1. As the Petition makes clear, she has not appealed the challenged state court decision "to a higher authority, agency, or court." *Id*. Thus, the petition for a writ of habeas corpus pursuant to 28

5

U.S.C. § 2241 is dismissed without prejudice as it is unexhausted.   Petitioner may challenge her detention, including any constitutional claims, in New York State's courts, and, once that avenue of review is exhausted, by filing a petition pursuant to 28 U.S.C. § 2241 in this Court.

Because it is clear from the face of the Petition that Petitioner is not entitled to relief in this Court at this time, the Petition is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases, which is made applicable to Section 2241 habeas petitions by Rule 1(b) thereof.   *See* Rules Governing § 2254 Cases, Rule 1(b); Rules Governing § 2254 Cases, Rule 4 ("If it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

## CONCLUSION

Based on the foregoing, Petitioner's application to proceed IFP, DE No. 2, is granted. However, the Petition, DE No. 1, is dismissed without prejudice as it is unexhausted.   Given that this dismissal is exclusively on procedural grounds, any subsequent petition asserting the same grounds for relief after proper exhaustion shall not count as a "second" or "successive" petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").   *See* *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003).   The Clerk of the Court shall mail a copy of this order to the Petitioner at her address of record in an enveloped marked "Legal Mail" and shall note such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.   *See* *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Central Islip, New York
      March 4, 2026

/s/ Gary R. Brown      
GARY R. BROWN
United States District Judge
